IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GLENDA BERG, | ) CIVIL NO. 15-00361 HG-KSC |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BED BATH & BEYOND, INC.; | ) |
| STANLEY ACCESS TECHNOLOGIES, | ) |
| LLC., | ) |
| | ) |
| Defendants. | ) |
| ———————————————— | ) |
| BED BATH & BEYOND, INC., | ) |
| | ) |
| Cross-Claimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| STANLEY ACCESS TECHNOLOGIES, | ) |
| LLC., | ) |
| | ) |
| Cross-Defendant. | ) |
| | ) |
| ———————————————— | ) |
| STANLEY ACCESS TECHNOLOGIES, | ) |
| LLC., | ) |
| | ) |
| Cross-Claimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| BED BATH & BEYOND, INC., | ) |
| | ) |
| Cross-Defendant. | ) |
| ———————————————— | ) |

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT BED BATH
& BEYOND, INC.'S MOTION FOR SUMMARY JUDGMENT
(ECF No. 93)**

1

Plaintiff Glenda Berg, a disabled person, has filed a complaint against Bed Bath & Beyond, Inc. and Stanley Access Technologies, LLC. Plaintiff claims she was injured by automatic sliding doors, which were manufactured by Stanley Access Technologies, LLC and installed at Bed Bath & Beyond, Inc.

Defendant Bed Bath & Beyond, Inc. seeks summary judgment.

Defendant Bed Bath & Beyond's Motion for Summary Judgment (ECF No. 93) is **GRANTED**, in part, and **DENIED**, in part.

## PROCEDURAL HISTORY

On September 15, 2015, Plaintiff Glenda Berg filed a Complaint. (ECF No. 1).

On August 15, 2016, Plaintiff filed a FIRST AMENDED COMPLAINT. (ECF No. 59).

On August 25, 2016, Defendant Bed Bath & Beyond, Inc. filed DEFENDANT BED BATH & BEYOND, INC.'S ANSWER TO FIRST AMENDED COMPLAINT FILED AUGUST 15, 2016; DEMAND FOR JURY TRIAL; FIRST AMENDED CROSS-CLAIM AGAINST DEFENDANTS STANLEY BLACK & DECKER, INC. AND STANLEY ACCESS TECHNOLOGIES, LLC. (ECF No. 60).

On August 26, 2016, Defendant Stanley Access Technologies, LLC, filed DEFENDANT STANLEY ACCESS TECHNOLOGIES LLC'S ANSWER TO FIRST AMENDED COMPLAINT, FILED ON AUGUST 15,2016; DEFENDANT STANLEY ACCESS TECHNOLOGIES LLC'S CROSS-CLAIM AGAINST DEFENDANT BED BATH & BEYOND, INC. (ECF No. 65).

On December 21, 2016, Defendant Bed Bath & Beyond, Inc.
filed DEFENDANT BED BATH & BEYOND, INC.'S MOTION FOR SUMMARY
JUDGMENT (ECF No. 93) and DEFENDANT BED BATH & BEYOND, INC.'S
CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT. (ECF No. 96).

On December 27, 2016, the parties filed a STIPULATION FOR
DISMISSAL WITH PREJUDICE OF PLAINTIFF'S CLAIMS AGAINST DEFENDANT
STANLEY BLACK & DECKER, INC., CROSS-CLAIM OF DEFENDANT BED BATH &
BEYOND, INC. AGAINST DEFENDANT STANLEY BLACK & DECKER, INC. AND
DEFENDANT STANLEY BLACK & DECKER, INC.'S CROSS-CLAIM AGAINST
DEFENDANT BED BATH & BEYOND, INC. (ECF No. 99).

On January 10, 2017, Defendant Stanley Access Technologies,
LLC, filed DEFENDANT STANLEY ACCESS TECHNOLOGIES LLC'S MEMORANDUM
IN OPPOSITION TO DEFENDANT BED BATH BEYOND, INC.'S MOTION FOR
SUMMARY JUDGMENT (ECF No. 105) and DEFENDANT STANLEY ACCESS
TECHNOLOGIES LLC'S CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT
OF ITS MEMORANDUM IN OPPOSITION TO DEFENDANT BED BATH & BEYOND,
INC.'S MOTION FOR SUMMARY JUDGMENT. (ECF No. 104).

On January 11, 2017, the Court issued a Minute Order
striking Plaintiff's memorandum in opposition and concise
statement of facts for failing to comply with District of Hawaii
Local Rules. (ECF No. 106).

On January 23, 2017, Plaintiff filed PLAINTIFF'S MEMORANDUM
IN OPPOSITION TO DEFENDANT BED, BATH & BEYOND, INC.'S MOTION FOR

SUMMARY JUDGMENT.  (ECF No. 114).

On January 23, 2017, Plaintiff also filed an AFFIDAVIT OF GLENDA BERG.  (ECF No. 116).

On January 24, 2017, Plaintiff filed PLAINTIFF'S SEPARATE AND CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT BED BATH & BEYOND, INC.'S MOTION FOR SUMMARY JUDGMENT.  (ECF No. 121).

On February 6, 2017, Defendant Bed Bath & Beyond filed DEFENDANT BED BATH & BEYOND, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT.  (ECF No. 127).

On February 23, 2017, a hearing was held on Defendant Bed Bath & Beyond, Inc.'s Motion for Summary Judgment.  (ECF No. 133).

## BACKGROUND

**The Parties Do Not Dispute the Following Facts:**

Plaintiff Glenda Berg is a disabled woman who resides in Santa Monica, California.  (Deposition of Glenda Berg ("Berg Depo.") at p. 5, ECF No. 94-6).  Defendant Bed Bath & Beyond, Inc. is a retail chain incorporated in the State of New York and registered to do business in the State of Hawaii.  (First Amended Complaint at ¶ 7, ECF No. 59).  Defendant Stanley Access Technologies, LLC ("Stanley") is a Delaware limited liability corporation registered to do business in the State of Hawaii.

(Id. at ¶ 8).

Plaintiff uses crutches to ambulate. She visited Bed Bath and Beyond at the Pearlridge store location on September 21, 2013. The store is equipped with automatic sliding doors, which were manufactured by Stanley.

As Plaintiff was leaving Bed Bath & Beyond, the automatic doors shut before she could make it through. Plaintiff fell to the ground. The parties do not dispute that Plaintiff was injured.

Timothy Muleady, manager of Bed Bath & Beyond, was notified of the incident.

**Missing Evidence**

The incident was captured on Bed Bath & Beyond's surveillance camera. (Deposition of Timothy Muleady ("Muleady Depo."), at p. 30, ECF No. 118-3). Muleady stated that he attempted to save the recording, but he was unable to for an unknown reason. (Id.) The recording is not available. (Id.)

At some time after the incident, the sensors on the door were replaced and are not available for inspection. (Report of Professional Engineer David J. Sitter ("Sitter Report"), at p. 4, ECF No. 105-6).

**The Parties Dispute the Following Facts:**

**Manner of Occurrence**

The parties dispute the manner in which Plaintiff was injured. Plaintiff has provided two different accounts as to how she was struck by the doors. In her deposition, Berg stated that the door hit her left side first. (Berg Depo., at pp. 58-59, ECF No. 105-3). In a response to Bed Bath & Beyond's request to for documents, Plaintiff provided a chart and an explanation stating, "As I was exiting the doorway, I noticed the doors were closing and I could not jump out of the way. One door hit my right side first, then the other door hit my left." (Plaintiff's Response to Bed, Bath & Beyond's 1st Request for Documents, at p. 5, ECF No. 105-4).

Defendant Bed Bath & Beyond's store manager Timothy Muleady provided a third account of what happened based on what he saw on the missing surveillance recording: "I viewed Ms. Berg exiting the store, and the doors closed on her crutches." (Muleady Depo., at pp. 33-35, ECF No. 105-2).

**Adequacy of Equipment**

The parties dispute the adequacy of the safety equipment that was installed on the doors.

Plaintiff claims the sensors on the doors were inadequate, out of date, and too few. (Report of Warren F. Davis, Ph.D.

("Davis Report"), at pp. 6-14, ECF No. 94-1).

Defendant Stanley asserts that the sensors that were installed at the time of the incident were safe if they had been adjusted properly. Stanley also claims the lack of holding beams did not render the entry at Bed Bath & Beyond unsafe. (Sitter Report, at p. 4, ECF No. 105-6). Defendant Bed Bath & Beyond disagrees with Stanley's conclusions. (Report of Paul Sheriff ("Sheriff Report"), at pp. 1-2, ECF No. 119-1).

Plaintiff and Defendant Stanley dispute whether warning labels on the door are mandatory. (Sitter Report, at p. 5, ECF No. 105-6; Davis Report, at p. 10, ECF No. 94-1).

### Maintenance of the Doors

Plaintiff asserts that prior to the incident, the doors and sensors were not maintained properly. (Davis Report, at p. 17, ECF No. 94-1). Plaintiff claims that Defendants failed to meet industry standards that require annual safety checks by a certified inspector. (Id. at p. 16).

Defendant Stanley points out that Bed Bath & Beyond lacks records of preventative maintenance for the doors. Stanley criticizes Bed Bath & Beyond's choice of an "on demand" service plan to fix problems as they arose rather than providing regular maintenance and review of the doors. (Id.) Defendant Bed Bath & Beyond denies these allegations and conclusions. (Sheriff

7

Report, at p. 1, ECF No. 119-1).

**Adequacy of the Safety Checks**

The parties dispute the adequacy of Bed Bath & Beyond's daily safety checks of the doors.

Plaintiff claims that industry standards require a more in-depth daily safety check rather than "only so-called 'walk tests.'"  (Davis Report, at p. 13, ECF No. 94-1).

Defendant Stanley claims Bed Bath & Beyond failed to perform appropriate daily safety checks of the door.  (Sitter Report, at p. 6, ECF. No. 105-6).

<u>**STANDARD OF REVIEW**</u>

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  To defeat summary judgment there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. <u>Nidds v. Schindler Elevator Corp.</u>, 113 F.3d 912, 916 (9th Cir. 1997).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809

F.2d 626, 630 (9th Cir. 1987) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).  The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial.  The moving party need not produce any evidence at all on matters for which it does not have the burden of proof.  <u>Celotex</u>, 477 U.S. at 325.  The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  That burden is met by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. <u>Id.</u>

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. <u>Commodity Futures Trading Comm'n v. Savage</u>, 611 F.2d 270, 282 (9th Cir. 1979).  The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); <u>Brinson v. Linda Rose Joint Venture</u>, 53 F.3d 1044, 1049 (9th Cir. 1995).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Nidds</u>, 113 F.3d at 916 (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party.  <u>State Farm Fire & Casualty Co. v. Martin</u>, 872

F.2d 319, 320 (9th Cir. 1989).  Opposition evidence may consist
of declarations, admissions, evidence obtained through discovery,
and matters judicially noticed.  Fed. R. Civ. P. 56(c); Celotex,
477 U.S. at 324.  The opposing party cannot, however, stand on
its pleadings or simply assert that it will be able to discredit
the movant's evidence at trial. Fed. R. Civ. P. 56(e); T.W. Elec.
Serv., 809 F.2d at 630.  The opposing party cannot rest on mere
allegations or denials.  Fed. R. Civ. P. 56(e); Gasaway v.
Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir.
1994).  When the non-moving party relies only on its own
affidavits to oppose summary judgment, it cannot rely on
conclusory allegations unsupported by factual data to create an
issue of material fact.  Hansen v. United States, 7 F.3d 137, 138
(9th Cir. 1993); see also National Steel Corp. v. Golden Eagle
Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

## ANALYSIS

Defendant Bed Bath & Beyond seeks summary judgment on all
three causes of action stated in Plaintiff's First Amended
Complaint.

**Count I** is a claim for negligence.

**Count II** is a claim for discrimination pursuant to Title III
of the American with Disabilities Act.  42 U.S.C. § 12182.

**Count III** is a claim for discrimination pursuant to Hawaii

10

Revised Statutes chapter 489.

**Count I.   Negligence**

    **A.   Premises Liability Negligence**

To prevail on a negligence claim, Plaintiff must prove:

        1.   a duty, or obligation, recognized by the law, requiring a defendant to conform to a certain standard of conduct;

        2.   a failure on a defendant's part to conform to the standard required (a breach of the duty);

        3.   a reasonably close causal connection between the conduct and the resulting injury; and,

        4.   actual loss or damage.

Takayama v. Kaiser Found. Hosp., 923 P.2d 903, 915–16 (Haw. 1996).

An occupier of land has a duty to use reasonable care for the safety of all persons reasonably anticipated to be on the premises, regardless of the status of the individual as invitee, licensee, or trespasser.  Winfrey v. GGP Ala Moana LLC, 308 P.3d 891, 900 (Haw. 2013) (citing Pickard v. City and Cnty. of Honolulu, 452 P.2d 445, 446 (Haw. 1969)).  Bed Bath & Beyond, has a duty to exercise reasonable care for the safety of its patrons.

A claim of negligence is generally not susceptible to summary judgment unless the facts are "undisputed or lend themselves to only one reasonable interpretation or conclusion." Rodriquez v. Gen. Dynamics Armament and Tech. Prods., Inc., 696 F.Supp.2d 1163, 1177 (D.Haw. 2010).  There are numerous facts in

dispute here, including: the cause of the doors closing, the maintenance of the doors, the manner in which Plaintiff was injured, and the adequacy of the safety checks on the doors. There are genuine disputes of fact that render summary judgment inappropriate as to the negligence claim.

**B.    Res Ipsa Loquitur**

Plaintiff argues that the doctrine of res ipsa loquitur is applicable here.  Defendant Bed Bath & Beyond contends that the doctrine does not apply.

State of Hawaii courts have held that three conditions must be present for res ipsa loquitur to apply:

    1.    The event must be one which ordinarily does
          not occur in the absence of someone's
          negligence.

    2.    It must be caused by an agency or
          instrumentality within the exclusive control
          of the defendant.

    3.    It must not have been due to any voluntary
          action or contribution on the part of the
          plaintiff.

Carlos v. MTL, Inc., 883 P.2d 691, 699-700 (Haw. Ct. App. 1994).

**1.    The Event Must Be One Which Ordinarily Does Not
        Occur in the Absence of Someone's Negligence**

The first element is met "if, in the abstract, the event at issue is one that gives rise to the reasonable probability that

in the ordinary course of events the incident would not have occurred without negligence." Id. at 700.

The comments in the Restatement (Second) of Torts explain how to determine if an event meets this standard: "In the usual case the basis of past experience from which this conclusion may be drawn is common to the community, and is a matter of general knowledge, which the court recognizes on much the same basis as when it takes judicial notice of facts which everyone knows." Restatement (Second) of Torts § 328D cmt. d (Am. Law Inst. 1965).

It is common knowledge that automatic sliding glass doors, in the ordinary course, do not close on those passing through.

## 2. Exclusive Control of the Agency or Instrumentality

The second element of res ipsa loquitur requires that the injury "be caused by an agency or instrumentality within the exclusive control of the defendant." Carlos, 833 P.2d at 699-700. Control of an instrumentality can rest with more than one defendant. Ashland v. Ling Temco Vought, Inc., 711 F.2d 1431, 1439 (9th Cir. 1983). Plaintiff's burden can be sustained by establishing a specific cause of the event that was within one or both defendants' responsibility, or by showing that one or both defendants were responsible for all reasonably probable causes of the event. Id.

Defendant Bed Bath & Beyond disputes the applicability of

res ipsa loquitur, claiming that Berg has not ruled out other causes attributable to third parties. (Bed Bath & Beyond's Reply at pp. 5-6, ECF No. 127). Whether Plaintiff has shown that Bed Bath & Beyond, and not a third party, was responsible for the reasonable probable causes of the accident is a question of fact. Carlos, 883 P.2d at 701.

The Court cannot make factual determinations on a motion for summary judgment.

### 3. Lack of Voluntary Action or Contribution on the Part of the Plaintiff

The final element of res ipsa loquitur requires that the injury must not be due to any voluntary action or contribution on the part of the plaintiff. Carlos, 883 P.2d at 700. Neither Defendant has produced any evidence that Berg's injury resulted from her voluntary action or contribution.

When viewing the pleadings in the light most favorable to Plaintiff, Defendant Bed Bath & Beyond has failed to show that res ipsa loquitur cannot apply here.

### Count II. Title III of the American with Disabilities Act (42 U.S.C. § 12182) Claims

Title III of the Americans with Disabilities Act ("ADA"), 42. U.S.C. §12181 et seq., prohibits places of public accommodation from discriminating against individuals on account

of a disability.

For Plaintiff to establish ADA Title III standing, she must show that she "has suffered an injury-in-fact, that the injury is traceable to the Store's actions, and that the injury can be redressed by a favorable decision." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011).

Since injunctive relief is the only available remedy to an ADA plaintiff, she "must demonstrate a 'real and immediate threat of repeated injury' in the future." Id. (quoting O'Shea v. Littleton, 414 U.S. 488, 496 (1974)). Past exposure to illegal conduct does not in itself present a case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects. City of Los Angeles v. Lyons, 461 U.S. 95, 101-05 (1983); see also Mayfield v. United States, 599 F.3d 964, 970 (9th Cir. 2010) ("Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects.").

A plaintiff can establish standing to sue under the ADA in two ways. A plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility. Feezor v. Sears, Roebuck and Co., 608 F. App'x. 476, 477 (9th Cir. 2015) (quoting Chapman, 631 F.3d at

944)).

## A.  Deterrence

### 1. Berg's Stated Intentions

In her deposition, Berg stated that she did not have any plans to return to Hawaii and that she did not have any intention to return to the Pearlridge Bed Bath & Beyond.  (Berg Depo. at pp. 133, 166, ECF No. 94-4).  Plaintiff then sought to clarify her deposition testimony in an affidavit attached to her opposition. She claims that at the time of her filing the lawsuit, she was reluctant to return to Bed Bath & Beyond in Hawaii because she did not want to experience discrimination again.  (Plaintiff's Opposition at p. 8, ECF No. 114).  In her affidavit Plaintiff stated that although she has not made arrangements, she intends to return to Hawaii for the trial. (Affidavit of Glenda Berg at p. 3, ECF No. 116).

### 2. Practical Considerations

In cases establishing standing based on deterrence, courts have taken into consideration the distance and frequency of travel near the public accommodation.  In Doran v. 7 Eleven, Inc., a plaintiff lived over 500 miles from a 7-Eleven convenience store where he met architectural barriers. 524 F.3d 1034, 1038 (9th Cir. 2008).  The plaintiff in Doran had visited

that store on ten to twenty prior occasions.  Id. at 1040.  The
plaintiff planned to visit the city in which the store was
located at least once a year.  Id.  The Doran court held that
"[n]otwithstanding the distance between Doran's home and the 7-
Eleven, there is an actual or imminent threat that, during his
planned future visits to Anaheim, Doran will suffer harm as a
result of the alleged barriers."  Id. at 1041.  The court took
into consideration both the distance from the store and the
frequency of travel.  See also Pickern v. Holiday Quality Foods,
Inc., 293 F.3d 1133, 1135-39 (9th Cir. 2002) (considering a
plaintiff's distance from the public accommodation and weekly
travel near the area in determining standing based on
deterrence).

In the present case before the Court, Plaintiff lives over
2500 miles, across the Pacific Ocean, from the store.  She has
only visited the island of Oahu once.  Unlike the plaintiffs in
Doran and Pickern, Berg's distance from Bed Bath & Beyond and her
one-time visit to Oahu weigh against the possibility of her being
deterred.  It is illogical that Plaintiff could be deterred from
the store when it is so far from her home in a place to which she
has only traveled once.

## B.    Intent to Return

The second way an ADA plaintiff may obtain standing under

Article III is by showing an injury-in-fact coupled with an intent to return.  <u>Feezor</u>, 608 F.App'x at 477.  The intent to return must be more concrete than merely a "some day" intention.  <u>Parr v. L & L Drive Inn Rest.</u>, 96 F.Supp.2d 1065, 1078 (D.Haw. 2000).

District Courts in the Ninth Circuit have typically looked at four factors to determine the intent to return: (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant's location area.  <u>Molski v. Mandarin Touch Rest.</u>, 385 F.Supp.2d 1042, 1045 (C.D. Cal 2005).  Courts look at the totality of the circumstances to determine whether these factors establish standing.  <u>Parr</u>, 96 F.Supp.2d at 1080.

### 1.    Proximity of the Place of Public Accommodation to Plaintiff's Residence

"As the distance between the plaintiff's residence and the public accommodation increases, the likelihood of future harm decreases."  <u>Molski</u>, 385 F.Supp.2d 1042, 1045 (C.D. Cal. 2005)(collecting cases that held that distances over 100 miles decreases the likelihood of future harm.)

In <u>Molski</u>, the plaintiff visited a restaurant and was unable to use the restrooms due to a narrow door.  The plaintiff's home

was 116 miles away from the restaurant, and he had only visited the restaurant once, the time at which he encountered the noncompliant restroom door.  The court held that Molski did not have standing to pursue a case, determining that the considerable distance weighed against finding a likelihood of future harm. Id.

Here, Plaintiff lives in Santa Monica California, over 2500 miles away from Defendant's place of business.  The distance is considerable and weighs against Plaintiff's claim that she will return.

### 2.  Plaintiff's Past Patronage of Defendant's Business

A plaintiff's history of patronage of a store or chain may evidence the possibility of future injury.  See Parr, 96 F.Supp.2d at 1065.

In Jones v. Sears Roebuck & Co., the plaintiff visited a department store in Sacramento, CA, 156 miles away from her home. No. 2:05-cv-0535-MCE-KJM, 2006 WL 3437905, at *2-3 (E.D. Cal. Nov. 29, 2006).  She met architectural barriers that made it difficult for her to have full and equal access to the store during her visit.  Id. at *2.  The plaintiff had only visited the store in Sacramento once before the visit at which time she was met with the barriers.  Id. at *3.  The court noted that she failed to show a specific preference for, or a regular pattern of

shopping at Sears.  Id.  The court viewed that her lack of

patronage at the Sacramento location and her sparse patronage of

the chain in general both weighed against finding standing. Id.

at *2-5.

Here, Berg has only visited the Pealridge location of Bed

Bath & Beyond once.  She has only visited the island of Oahu

once.  In her affidavit, Plaintiff states, "I am a frequent

shopper at Bed Bath & Beyond," without providing any further

detail.  (Berg Affidavit at p. 4, ECF No. 116).  Her statement

does not provide a context as to how often Plaintiff shops at Bed

Bath & Beyond.  Berg is similar to the plaintiff in Jones because

she lacks a history of patronage at the Pearlridge location of

Bed Bath & Beyond and has displayed no regular pattern of

patronizing Bed Bath & Beyond or a specific preference for the

franchise.  Berg's one-time visit to the Pearlridge location

weighs against finding standing.

### 3.    The Definitiveness of Plaintiff's Plans to Return

Generally, an ADA plaintiff must have a plan that is more

concrete than a "some day" intention.  Parr, 96 F.Supp.2d at

1078.  Concrete plans can be exhibited by things such as a hotel

reservation, or an airplane ticket.  Id. at 1079 (citing Lujan v.

Defenders of Wildlife, 504 U.S. 555, 579 (1992)).

In O'Campo v. Ghoman, the plaintiff failed to establish

standing under the intent to return theory because he did not say when he intended to return to the location of his injury or provide any other information indicating his return was likely. 622 F.App'x 609, 609-10 (9th Cir. 2015).

Plaintiff stated, "even though I have not made arrangements, I intend to return to Hawaii for the trial." (Berg Affidavit at p. 3, ECF No. 116). Plaintiff indicates that she will return to the store prior to the trial to see how the doors are operating, and to help her prepare to testify at trial. (Id.)

### 4. Frequency of Travel Near Public Accommodation

Courts look to whether a plaintiff is often in the vicinity of the public accommodation. Molski, 385 F.Supp.2d at 1045.

In Wilson v. Costco Wholesale Corp., the plaintiff visited a store in the city of Chula Vista, San Diego County, California and encountered architectural barriers that made it difficult for him to have full and equal access to the store during his visit. 426 F.Supp.2d 1115, 1116-17 (S.D. Cal. 2006). The plaintiff lived 512 miles northwest of Chula Vista, in a city named Dixon, California, located near Sacramento. Id. at 1122. The plaintiff stated in his deposition that he used to live in San Diego, and traveled to San Diego "at least three or four times a year." Id. The court in Wilson ruled that although Wilson was in the geographic vicinity of the noncompliant store three to four times

per year, his visits were insufficient to confer standing.  Id.

Here, Plaintiff Berg has only visited the State of Hawaii twice, and the island of Oahu once.  Just as the plaintiff in Wilson, Berg is not a likely visitor to the geographic area of the Defendant's store.

Three of the four factors to be considered weigh against finding standing for Plaintiff.  Based on the totality of the circumstances, Plaintiff lacks standing to pursue an ADA claim.

Defendant Bed Bath & Beyond's Motion for Summary Judgment on Plaintiff's claim under the Americans with Disabilities Act is **GRANTED**.

**Count III.       Discrimination under Chapter 489 of the Hawaii Revised Statutes**

Hawaii law prohibits practices that deny, or attempt to deny a person the full and equal enjoyment of public accommodations based on disability.  Haw. Rev. Stat. § 489-3.  The Legislature stated that the purpose of H.R.S. chapter 489 is to protect people from discrimination in public accommodations.  H.R.S. § 489-1(a).  The law is to be construed liberally to further its purposes.  H.R.S. § 489-1(b).

There have been very few judicial opinions interpreting H.R.S. 489-3 in the context of disability discrimination.

The Supreme Court of Hawaii, when interpreting Hawaii discrimination laws, has looked for guidance to analogous federal

22

laws by federal courts.  <u>Shoppe v. Gucci America, Inc.</u>, 14 P.3d 1049, 1058 (Haw. 2000)("we have previously looked to the interpretations of analogous federal laws by the federal courts for guidance.").

Hawaii law, H.R.S. chapter 489, differs from the ADA in the remedies available for a plaintiff.  Hawaii law allows for plaintiffs to sue for damages.

When viewing the facts in the light most favorable to the Plaintiff, a claim pursuant to H.R.S. chapter 489 may lie.

Bed Bath & Beyond's Motion for Summary Judgment is **DENIED** as to Count III.

## Spoliation

In its Memorandum in Opposition, Stanley raises the issue of Bed Bath & Beyond's failure to preserve the video recording as required by Federal Rule of Civil Procedure 37(e).  The Court declines to decide on the issue of spoliation of evidence and what measures may be necessary to cure any prejudice that may have arisen from the loss of evidence at this time.  Such a determination is premature.

## CONCLUSION

Defendant Bed Bath & Beyond, Inc.'s Motion for Summary Judgment (ECF No. 93) is **GRANTED**, in part, and **DENIED**, in part.

Defendant Bed Bath & Beyond, Inc.'s Motion to for Summary Judgment (ECF No. 93) is **GRANTED** as to Count II.

Defendant Bed Bath & Beyond, Inc.'s Motion to for Summary Judgment (ECF No. 93) is **DENIED** as to Counts I and III.


IT IS SO ORDERED.


DATED: April 24, 2017, at Honolulu, Hawaii.

Helen Gillmor
United States District Judge




Glenda Berg vs. Bed Bath & Beyond, Inc., and Stanley Access Technologies, LLC.,; Cross-Claimant Bed Bath & Beyond, Inc. vs. Cross-Defendant Stanley Access Technologies, LLC.; Cross-Claimant Stanley Access Technologies, LLC, vs. Cross-Defendant Bed Bath & Beyond, Inc.; Civ No. 15-00361 HG-KSC; **ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT BED BATH & BEYOND, INC.'S MOTION FOR SUMMARY JUDGMENT (ECF No. 93)**