IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GLENDA BERG, | ) | CIVIL NO. 15-00361 HG-KSC |
| Plaintiff, | ) | |
| vs. | ) | |
| BED BATH & BEYOND, INC.; STANLEY ACCESS TECHNOLOGIES, LLC, | ) | |
| Defendants. | ) | |
| BED BATH & BEYOND INC., | ) | |
| Cross Claimant, | ) | |
| vs. | ) | |
| STANLEY ACCESS TECHNOLOGIES, LLC, | ) | |
| Cross Defendant. | ) | |
| STANLEY ACCESS TECHNOLOGIES, LLC, | ) | |
| Cross Claimant, | ) | |
| vs. | ) | |
| BED BATH & BEYOND, INC, | ) | |
| Cross Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE CHANG'S ORDER DENYING PLAINTIFF'S FOURTH MOTION TO AMEND SCHEDULING ORDER TO GRANT LEAVE TO FILE A SECOND AMENDED COMPLAINT (ECF No. 192)**

Plaintiff Glenda Berg, a disabled person, has filed a

complaint against Bed Bath & Beyond, Inc. and Stanley Access

1

Technologies, LLC.  Plaintiff claims she was injured by automatic sliding doors, which were manufactured by Stanley Access Technologies, LLC and installed at Bed Bath & Beyond, Inc.

Plaintiff seeks to amend the scheduling order to grant her leave to file a Second Amended Complaint.  (ECF No. 159).

Plaintiff's Objection (ECF No. 192), construed as an appeal, is **DENIED** and the Magistrate Judge's Order (ECF No. 186) is **AFFIRMED**.

## PROCEDURAL HISTORY

On September 15, 2015, Plaintiff Glenda Berg filed a Complaint.  (ECF No. 1).

On August 15, 2016, Plaintiff filed a FIRST AMENDED COMPLAINT.  (ECF No. 59).

On August 25, 2016, Defendant Bed Bath & Beyond, Inc. filed DEFENDANT BED BATH & BEYOND, INC.'S ANSWER TO FIRST AMENDED COMPLAINT FILED AUGUST 15, 2016; DEMAND FOR JURY TRIAL; FIRST AMENDED CROSS-CLAIM AGAINST DEFENDANTS STANLEY BLACK & DECKER, INC. AND STANLEY ACCESS TECHNOLOGIES, LLC.  (ECF No. 60).

On August 26, 2016, Defendant Stanley Access Technologies, LLC, filed DEFENDANT STANLEY ACCESS TECHNOLOGIES LLC'S ANSWER TO FIRST AMENDED COMPLAINT, FILED ON AUGUST 15,2016; DEFENDANT STANLEY ACCESS TECHNOLOGIES LLC'S CROSS-CLAIM AGAINST DEFENDANT BED BATH & BEYOND, INC.  (ECF No. 65).

On December 27, 2016, the parties filed a STIPULATION FOR

DISMISSAL WITH PREJUDICE OF PLAINTIFF'S CLAIMS AGAINST DEFENDANT STANLEY BLACK & DECKER, INC., CROSS-CLAIM OF DEFENDANT BED BATH & BEYOND, INC. AGAINST DEFENDANT STANLEY BLACK & DECKER, INC. AND DEFENDANT STANLEY BLACK & DECKER, INC.'S CROSS-CLAIM AGAINST DEFENDANT BED BATH & BEYOND, INC. (ECF No. 99).

On April 24, 2017, the Court issued an ORDER GRANTING, IN PART, AND DENYING IN PART, DEFENDANT BED BATH & BEYOND, INC.'S MOTION FOR SUMMARY JUDGMENT. (ECF No. 141).

On June 19, 2017, Plaintiff filed her FOURTH MOTION TO AMEND/CORRECT THE SCHEDULING ORDER. (ECF No. 159).

On July 21, 2017, Defendant Stanley Access Technologies, LLC., filed a MEMORANDUM IN OPPOSITION RE FOURTH MOTION TO AMEND/CORRECT THE SCHEDULING ORDER. (ECF No. 168).

On July 26, 2017, Defendant Bed Bath & Beyond, Inc., filed a STATEMENT OF NO POSITION RE FOURTH MOTION TO AMEND/CORRECT THE SCHEDULING ORDER. (ECF No. 171).

On August 1, 2017, Plaintiff improperly filed a REPLY TO STANLEY ACCESS TECHNOLOGIES' OPPOSITION RE PLAINTIFF'S FOURTH MOTION TO AMEND/CORRECT THE SCHEDULING ORDER TO GRANT LEAVE TO FILE A SECOND AMENDED COMPLAINT. (ECF No. 172).

On August 2, 2017, Plaintiff filed an ERRATA RE REPLY TO RESPONSE TO MOTION. (ECF No. 173).

On August 3, 2017, Plaintiff refiled her REPLY TO RESPONSE TO MOTION RE FOURTH MOTION TO AMEND/CORRECT THE SCHEDULING ORDER. (ECF No. 174).

On August 8, 2017 Plaintiff filed her FIFTH MOTION TO

3

AMEND/CORRECT THE SCHEDULING ORDER.  (ECF No. 175).

On August 14, 2017, Defendant Bed Bath & Beyond, Inc. filed their STATEMENT RE FIFTH MOTION TO AMEND/CORRECT THE SCHEDULING ORDER.  (ECF No. 183).

On August 14, 2017, Defendant Stanley Access Technologies, Inc. filed their MEMORANDUM IN OPPOSITION RE FIFTH MOTION TO AMEND/CORRECT THE SCHEDULING ORDER.  (ECF No. 184).

On August 16, 2017, the Magistrate Judge held a hearing on Plaintiff's FOURTH MOTION TO AMEND/CORRECT THE SCHEDULING ORDER and FIFTH MOTION TO AMEND/CORRECT THE SCHEDULING ORDER. The Magistrate Judge took the FOURTH MOTION TO AMEND/CORRECT THE SCHEDULING ORDER under advisement and granted the FIFTH MOTION TO AMEND/CORRECT THE SCHEDULING ORDER. The trial date was continued to January 17, 2018.  (ECF No. 185).

On August 17, 2017, Magistrate Judge Chang issued an ORDER DENYING PLAINTIFF'S FOURTH MOTION O AMEND SCHEDULING ORDER TO GRANT LEAVE TO FILE A SECOND AMENDED COMPLAINT.  (ECF No. 186).

On September 7, 2017, Plaintiff filed a pleading entitled "PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE CHANG'S ORDER DENYING PLAINTIFF'S FOURTH MOTION TO AMEND SCHEDULING ORDER TO GRANT LEAVE TO FILE A SECOND AMENDED COMPLAINT" which the Court construes as an appeal of the Magistrate Judge's order filed on August 17, 2017.  (ECF No. 192).

On September 25, 2017, Defendant Stanley Access Technologies, Inc. filed a MEMORANDUM IN OPPOSITION RE FIRST MOTION TO AMEND/CORRECT ORDER DENYING FOURTH MOTION TO AMEND

4

SCHEDULING ORDER TO GRANT LEAVE TO FILE A SECOND AMENDED COMPLAINT. (ECF No. 196).

On September 25, 2017, Defendant Bed Bath & Beyond, Inc. filed a STATEMENT RE FIRST MOTION TO AMEND/CORRECT ORDER DENYING FOURTH MOTION TO AMEND. (ECF No. 197).

On October 1, 2017, Plaintiff filed her MEMORANDUM IN REPLY. (ECF No. 198).

## STANDARD OF REVIEW

Any party may appeal a magistrate judge's nondispositive pretrial order. D. Haw. L. Civ. R. 74.1. A motion to amend may be dispositive under certain circumstances. Bastidas v. Chappell, 791 F.3d 1155, 1163 (9th Cir. 2015). The Magistrate Judge's Order in this case is not dispositive because it does not effectively dispose of a cause of action nor preclude ultimate relief. Id. at 1164.

The district judge shall consider the appeal and shall not set aside any portion of the magistrate judge's order unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Haw. L. Civ. R. 74.1; McKeever v. Block, 932 F.2d 795, 799 (9th Cir. 1991). The district judge may also reconsider sua sponte any matter determined by a magistrate judge. See D. Haw. L. Civ. R. 74.1.

### A. Clearly Erroneous

The clearly erroneous standard applies to factual findings.

5

Lovell v. United Airlines, Inc., 728 F. Supp. 2d 1096, 1100 (D. Haw. 2010); Tierney v. Torikawa, 2012 WL 2359960 *1 (D.Haw. 2012) (internal quotation omitted). After reviewing the entire record, the district judge must accept the magistrate judge's ruling unless the district judge is "left with a definite and firm conviction that a mistake has been committed." Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992). This standard is "significantly deferential" to the magistrate judge's judgment. See Hernandez v. Tanninen, 604 F.3d 1095, 1100 (9th Cir. 2010) (internal citation omitted).

**B. Contrary to Law**

The contrary to law standard applies to legal conclusions and allows for de novo review. Na Pali Haweo Cmty. Ass'n v. Grande, 252 F.R.D. 672, 674 (D.Haw. 2008). A decision is contrary to law if it applies the wrong legal standard or neglects to consider all elements of the applicable standard. See Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir. 1989); Na Pali, 252 F.R.D. at 674.

**ANALYSIS**

Plaintiff has filed a pleading entitled "PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE CHANG'S ORDER DENYING PLAINTIFF'S FOURTH MOTION TO AMEND SCHEDULING ORDER TO GRANT LEAVE TO FILE A SECOND AMENDED COMPLAINT." (ECF No. 192). The Order Plaintiff objects to is not a Findings and Recommendation by the Magistrate

6

Judge and is not subject to an "objection." The Court construes Plaintiff's "objection" as an appeal.

**I. Timeliness of Appeal**

District of Hawaii Local Rule 74.1 allows a party to appeal a magistrate judge's decision to a district judge within 14 days after being served with a copy of the order. Three days are added to a fixed deadline when service is made electronically. See Fed. R. Civ. P. 6(d).

The 14 day period "may be altered by the magistrate judge or a district judge." Local Rule 74.1. The district courts have broad discretion in interpreting, applying, and determining the requirements of their own local rules and general orders. United States v. Gray, 876 F.2d 1411, 1414 (9th Cir. 1989).

On August 17, 2017, the Magistrate Judge issued an Order Denying Plaintiff's Fourth Motion to Amend Scheduling Order to Grant Leave to File a Second Amended Complaint. (hereafter "Magistrate Judge's Order," ECF No. 186). On September 7, 2017, 21 days after the Magistrate Judge's Order was issued, Plaintiff filed his "objection" that the Court construes as an appeal of the Magistrate Judge's Amended Order. (ECF No. 192).

The appeal was not timely filed. Plaintiff concedes that her appeal was filed late. (Memorandum in Reply at pp. 1-2, ECF No. 198). Attorney Lunsford Dole Phillips blames his co-counsel's misinterpretation of the local rules. (Id. at p. 2). The Appeal is denied as untimely. Even if timely, the objection

7

is denied as the Magistrate Judge's decision is not contrary to law.

**II. The Magistrate Judge's Opinion Was Not Contrary to Law**

    **A. Federal Rule of Civil Procedure 15(a) and 16(b)(4)**

A plaintiff that seeks leave to amend his or her complaint after the deadline for filing such a motion has passed must first establish that there is good cause to amend the scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4). In re Western States Wholesale, 715 F.3d 716, 737 (9th Cir. 2013); Siliga v. Deutsche Bank Nat. Trust Co., 637 Fed. Appx. 438, 440 (9th Cir. 2016).

Rule 16(b)(4) provides that a scheduling order may be amended only "for good cause." Fed. R. Civ. P. 16(b)(4). The good cause standard primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff must also establish that amendment is appropriate under Federal Rule of Civil Procedure 15(a). Johnson, 975 F.2d at 608 (citations omitted). A party may amend its pleading before trial with the opposing party's consent or the court's leave pursuant to Fed. R. Civ. P. 15(a). The rule states that the court should freely give the plaintiff leave to amend the complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). Courts consider bad faith, dilatory motive on the movant's part,

undue delay, prejudice to the opposing party, and futility in reviewing a plaintiff's request to amend the complaint under Rule 15(a). In re Morris, 363 F.3d 891, 894 (9th Cir. 2004).

**B. The Magistrate Judge's Order**

Plaintiff filed her initial Complaint over two years ago in 2015. (ECF No. 1). Plaintiff contends that a basis for punitive damages was revealed at the May 12, 2017 deposition of David Sitter. (Plaintiff's Appeal at p. 2, ECF No. 192-1). Sitter is a witness for Defendant Stanley Access Technologies, LLC. (Id.)

Plaintiff could have sought to add a claim for punitive damages well before she did. Plaintiff's own expert, Warren Davis, is of the opinion that automatic doors, like the one at issue in this suit, are defectively designed and pose a risk to those who rely on mobility assistant devices. Plaintiff received her own expert's preliminary report, containing Davis' opinion, on November 20, 2016. Plaintiff had been aware of her expert's opinion for seven months before filing her Fourth Motion to Amend the Scheduling Order to Grant Leave to File a Second Amended Compliant on June 19, 2017. (Preliminary Report of Warren Davis, ECF No. 168-1). Plaintiff's seven month delay in moving to amend her pleading fails to demonstrate diligence under Rule 16. See Schwerdt v. Int'l Fidelity Ins. Co., 28 Fed. App'x. 715, 719 (9th Cir. 2002).

Plaintiff possessed her expert's report one month before the dispositive motions deadline of December 21, 2016, and four

9

months before the close of discovery on March 24, 2017. Plaintiff filed her Motion to Amend her Complaint on June 19, 2017, only three months prior to the scheduled trial date of September 12, 2017.  Plaintiff did not exercise the diligence demanded by Fed. R. Civ. P. 16(b) in seeking to amend her Complaint.

Amendment is also not appropriate under Fed. R. Civ. P. 15(a) given the length of time that Plaintiff had the knowledge and opportunity to amend the First Amended Complaint.

The Magistrate Judge's Order filed on August 17, 2017, is **AFFIRMED**.

//

//

//

//

//

//

//

//

//

//

//

**CONCLUSION**

Pursuant to Title 28, United States Code, Section 636(b)(1)(A) and Local Rule 74.1, the ORDER DENYING PLAINTIFF'S FOURTH MOTION TO AMEND SCHEDULING ORDER TO GRANT LEAVE TO FILE A SECOND AMENDED COMPLAINT (ECF No. 186) is **AFFIRMED.**

PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE CHANG'S ORDER DENYING PLAINTIFF'S FOURTH MOTION TO AMEND SCHEDULING ORDER TO GRANT LEAVE TO FILE A SECOND AMENDED COMPLAINT (ECF No. 192) is **DENIED.**

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 30, 2017.

Helen Gillmor
United States District Judge

Glenda Berg vs. Bed Bath & Beyond, Inc., and Stanley Access Technologies, LLC; Cross-Claimant Bed Bath & Beyond Inc. vs. Cross-Defendant Stanley Access Technologies, LLC; Cross-Claimant Stanley Access Technologies, LLC, vs. Cross-Defendant Bed Bath & Beyond, Inc.; Civ No. 15-00361 HG-KSC; **ORDER DENYING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE CHANG'S ORDER DENYING PLAINTIFF'S FOURTH MOTION TO AMEND SCHEDULING ORDER TO GRANT LEAVE TO FILE A SECOND AMENDED COMPLAINT (ECF NO. 192)**